Entered: October 16th, 2020
Signed: October 16th, 2020



MICHELLE M. HARNER
U.S. BANKRUPTCY JUDGE

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
## at Baltimore

In re:　　　　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　*
Darryenne Ford,　　　　　　　　　*　　Case No. 20-16046-MMH
　　　　　　　　　　　　　　　　　*
　　　　Debtor.　　　　　　　　　　*　　Chapter 13
　　　　　　　　　　　　　　　　　*
*　*　*　*　*　*　*　*　*　*　*　*　*

## MEMORANDUM OPINION

Chapter 13 of the U.S. Bankruptcy Code[1] provides a financially-distressed individual with an opportunity to catch her financial breath, assess her financial obligations, and structure a repayment plan to satisfy, at least in part, her obligations to creditors. This scheme benefits both the debtor and her creditors; it dedicates funds to pay creditors' claims over a period of time and then provides the debtor with a discharge of any remaining obligations upon completion of the plan payments. A debtor may use the chapter 13 process to address most kinds of defaulted debt obligations, including prepetition arrears on her home mortgage or real property taxes. In the context of these longer-term or ongoing obligations, the chapter 13 plan typically does not satisfy all of the debtor's present and future obligations. Rather, the focus of the plan is to cure arrearages and reset the debtor's relationship with that creditor.

---

[1] 11 U.S.C. §§ 101 et seq. (the "Code").

1

The matter before the Court involves a debtor's obligations under state and local law to redeem her home from a purchaser at a tax sale and how those obligations fit into the chapter 13 plan process. Specifically, the Court must determine which obligations the debtor owes to the tax collector and which she owes to the tax sale purchaser and the amounts (or potential amounts) of those respective obligations. The debtor's chapter 13 plan can only address the *debtor's* obligations under state law and *not* those of the tax collector or tax sale purchaser. Accordingly, as further explained below, the Court (i) sustains the pending objection to the extent of the prepetition statutory fees and costs due the tax sale purchaser and the law governing the interest rate on unpaid taxes and (ii) overrules the pending objection to the extent it suggests that any high bid premium or postpetition taxes must be included in the plan. Moreover, the Court provides the debtor an opportunity to file a motion to determine the appropriate rate of interest on any unpaid taxes to the extent that the debtor deems it necessary or appropriate under applicable nonbankruptcy law.

I. **Relevant Background**

Darryenne Ford, the above-captioned debtor ("Debtor"), commenced this chapter 13 case on June 16, 2020. ECF 1. On that same date, the Debtor filed all required papers, including her proposed chapter 13 plan. ECF 3. That plan and the Debtor's subsequently filed amended plans seek to address the Debtor's obligations to her creditors at the time of the bankruptcy petition, including amounts necessary to redeem her home under Maryland state law. ECF 20, 31. Thornton Mellon LLC ("Creditor") filed objections to the confirmation of the Debtor's proposed chapter 13 plans. ECF 19, 21. The Court held a hearing on the Debtor's plan, the Creditor's objection, and

the related papers filed by the parties on August 26, 2020 (the "Hearing"). ECF 3, 19, 20, 21, 22, 27.

At the Hearing, the parties explained the events leading up to the Debtor's chapter 13 case. That background is fairly straightforward. The Debtor was behind on the payment of her real property taxes due and owing to Baltimore City. The City commenced a tax sale, at which the Creditor was the successful bidder.[2] The Creditor paid the outstanding taxes and a high bid premium to Baltimore City and, in turn, received a tax sale certificate relating to the Debtor's home. The Creditor then commenced an action to foreclose the Debtor's right of redemption, but the Debtor disputes that service or notice was made with respect to that action. Regardless, the Debtor then filed this case, which stayed all actions with respect to the Debtor's home and the tax sale certificate.

The Debtor's proposed chapter 13 plan treats the Creditor's claim as a secured claim to be paid in full by the Chapter 13 trustee at an interest rate of 12 percent. ECF 20. The plan also lists the Debtor's obligations to Baltimore City for unpaid taxes for tax years 2018-2019 and 2019-2020.[3] ECF 20. The plan does not otherwise address the Debtor's ongoing tax obligations or the high bid premium paid by the Creditors in connection with the tax sale process. The Debtor

---

[2] Specifically, on May 13, 2019, a tax sale certificate was issued to the Creditor with respect to the property located at 6313 Pioneer Drive, Baltimore, Maryland (i.e., the Debtor's home). Obj. to Confirmation, ECF 19, Ex. 1.
[3] The Debtor's amended plan at ECF 31 only references the payment of her tax obligations for tax year 2019-2020. At the Hearing, the Debtor's counsel suggested that the Debtor had paid some of the outstanding taxes. Rec. of Hrg. at 12:11.

and the Creditor fully explained their legal positions in their respective papers and at the Hearing. This matter is now ripe for resolution.

## II. Jurisdiction and Legal Standards

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. Under 28 U.S.C. § 157(a) and its Local Rule 402, the United States District Court for the District of Maryland has referred this case to the Court. This matter is a statutorily core proceeding under 28 U.S.C. §§ 157(b)(1) and (b)(2). The Court has constitutional authority to enter final orders in this matter.

Section 1322 of the Code sets forth what a debtor may and must include in her chapter 13 plan, and section 1325 of the Code governs confirmation of that plan. In general, a debtor must, among other things, dedicate future earnings to the payment of claims under her plan and classify and specify appropriate treatment for allowed claims asserted against her. 11 U.S.C. § 1322(a). A debtor also may, for example, cure defaults on prepetition obligations under her plan. 11 U.S.C. § 1322(b). The Court *must* confirm a chapter 13 plan if certain requirements are met, including that the Debtor proposed her plan in good faith, the plan will pay creditors at least what they would receive in a chapter 7 liquidation case, and with respect to the holders of secured claims and subject to certain caveats, the plan will pay those creditors the value of their allowed secured claims. 11 U.S.C. § 1325(a).

In evaluating a plan's proposed treatment of a secured claim, the Court often must consider the creditor's rights under state law and any applicable documents. The applicable state law in this matter is the chapter of the Code of Maryland addressing real property tax sales. Md. Code, Tax-Property §§ 14-808 through 14-854.[4] Maryland courts have described the Maryland tax sale process as follows:

---

[4] All references to Maryland Code are to the Tax-Property article of the Maryland Code unless otherwise noted.

> "Unpaid taxes on real estate constitute a lien on that property. [§ 14–804]. Generally, within two years from the date taxes become in arrears the jurisdiction's collector must sell the land. [§ 14–808]. Notice of the proposed sale must be given to the owner at least thirty days before the property is advertised for sale and the owner is notified that if he does not pay the taxes within thirty days, the property will be sold. [§ 14–812]. After the sale is properly advertised, the property is sold at public auction. [§ 14–817]."

*Kona Properties, LLC v. W.D.B. Corp.*, 121 A.3d 191, 197 (Md. Ct. Spec. App. 2015) (quoting *Scheve v. Shudder, Inc.*, 614 A.2d 582 (Md. 1992), and citing other opinions by the Maryland Court of Appeals). The purchaser at a tax sale, once it pays the outstanding taxes and any required high bid premium, receives a tax sale certificate from the collector. MD. CODE ANN., TAX-PROP. § 14-820. The property's owner has the ability to redeem the property at any time prior to the purchaser receiving a court order foreclosing the owner's right of redemption. MD. CODE ANN., TAX-PROP. § 14-844. The statute identifies the amounts that an owner must pay to redeem the property, as well as the amounts for which the purchaser may seek reimbursement. MD. CODE ANN., TAX-PROP. § 14-843. The parties' respective rights and obligations during redemption are at the heart of this dispute and are further addressed in the Court's analysis below.

**III.   Analysis**

The Debtor does not dispute that she must make two payments relating to the outstanding prepetition taxes on her home under her chapter 13 plan: one payment to reimburse the Creditor for certain fees and costs incurred by the Creditor during the sale and redemption process, and one to the collector (here, Baltimore City) for unpaid real property taxes. The Debtor does dispute, however, the amount of these payments and whether certain postpetition obligations—primarily real property taxes that become due and owing postpetition—must be paid through the plan. The Court's analysis in this matter is a hybrid one that first looks to state law to determine the amount

5

and extent of the Debtor's obligations to the Creditor and the collector, and second to the Code to determine the treatment of any such claims in this chapter 13 case.

### A. Claims Relating to the Tax Sale Process

The resolution of the Debtor's obligations to the Creditor and the collector are governed by Maryland state law. The Debtor has not challenged the validity of the state tax sale process, as invoked with respect to the Debtor's home. The Debtor seems to acknowledge that event and is seeking to redeem the property in accordance with state law. Consequently, the focus of the Court's inquiry is on the statutory requirements for redemption.

Section 14-828 of the Maryland Code requires the Debtor to pay the following amounts to the collector in order to redeem property:

> (1) the total lien amount paid at the tax sale for the property together with interest;
> (2) any taxes, interest, and penalties paid by any holder of the certificate of sale;
> (3) except for owner-occupied residential property in Baltimore City, any taxes, interest, and penalties accruing after the date of the tax sale;
> (4) in the manner and by the terms required by the collector, any expenses or fees for which the plaintiff or the holder of a certificate of sale is entitled to reimbursement under § 14-843 of this subtitle; and
> (5) for vacant and abandoned property sold under § 14-817 of this subtitle for a sum less than the amount due, the difference between the price paid and the unpaid taxes, interest, penalties, and expenses.

MD. CODE ANN., TAX-PROP. § 14-828. Thus, under subsections (1) through (3) of section 14-828, the Debtor must pay the total lien amount and all outstanding taxes on the property (and related interest and penalties) to the collector.[5] Notably, section 14-817 of the Maryland Code explains

---

[5] Similar language and a similar explanation of the property owner's obligations is contained in the section of the Maryland Code that describes the contents of any pre-notice to an action to foreclose the property owner's right of redemption. That section provides, in pertinent part, that any such notice must include,
>    (vi) a statement that if the property is redeemed after an action to foreclose the right of redemption has been filed, the amount that shall be paid to redeem the property is the sum of:
>       1. the total lien amount on the property at the time of sale, with interest;
>       2. any taxes, interest, and penalties paid by the holder of the certificate of sale;
>       3. any taxes, interest, and penalties accruing after the date of the tax sale; and

6

the scope of the tax lien referenced in section 14-828 as follows, "property may not be sold for a sum less than the total amount of all taxes on the property that are certified to the collector under § 14-810 of this subtitle, together with interest and penalties on the taxes and the expenses incurred in making the sale, and the lien for the taxes, interest, penalties, and expenses passes to the purchaser." MD. CODE ANN., TAX-PROP. § 14-817(b)(1). Section 14-817 distinguishes the tax lien from the high bid premium, which is described in the following subsection. *See* MD. CODE ANN., TAX-PROP. § 14-817(b)(2).

Section 14-828 also references the reimbursement of certain fees and costs to the to the tax sale certificate holder, "in the manner and by the terms required by the collector." MD. CODE ANN., TAX-PROP. § 14-828(a)(4). Neither the Creditor nor the Debtor provided any definite legal authority that the Debtor must reimburse the Creditor directly for certain fees and costs; rather both appear to acknowledge this state of affairs. In reading the language of the reimbursement provision—section 14-843 of the Maryland Code—in connection with the "procedures on redemption" set forth in section 14-828, the Court concludes that the Debtor need only reimburse the Creditor directly for fees and costs not already on deposit with the collector. In other words, the Debtor must reimburse the Creditor directly for fees and costs incurred by the Creditor and subject to reimbursement under section 14-843(a)(4) of the Maryland Code. The Creditor, however, must seek reimbursement for all other amounts, including the amount of taxes paid on

---

4. attorney's fees and expenses to which the holder of the certificate of sale may be entitled under § 14-843(a)(4) and (5) of this subtitle;
(vii) the provisions of § 14-843(a) of this subtitle, reproduced as they appear in the Code;
(viii) a statement that, in Baltimore City only, the holder of the certificate of sale is entitled to taxes, interest, and penalties paid in accordance with § 14-843(c) of this subtitle and interest at the rate of redemption under § 14-820 of this subtitle from the date of payment to the date of redemption; ….

MD. CODE ANN., TAX-PROP. § 14-833.

7

the property and high bid premium, from the collector.[6] It is the collector (and not the Debtor) who is holding the funds for these amounts. Once the Debtor has paid the collector what is required to redeem the property, the collector will be holding payments on taxes from both the Debtor and the Creditor and should be required to return the duplicate funds to the Creditor. Moreover, section 18-817 of the Maryland Code makes it clear that it is the collector who returns the high bid premium.[7]

The Court will address the plan treatment of the Debtor's obligations to the collector and to the Creditor, as well as the applicable interest rates, below. Before turning to that question,

---

[6] This reading of the statute is consistent with the following guidance provided to parties participating in the Baltimore City tax sale process:
> 32. How are Tax Lien Certificates redeemed?
> The City's redemption procedure is governed by and in conformance with the Annotated Code of Maryland, Tax Property Article 14-828(3). ATTENTION: *Current law as applied by the Baltimore City Collector requires the Tax Lien Certificate Holder to collect from the redeeming party the amount of actual legal expenses or fees. The redeeming party still must pay the City of Baltimore directly for all liens plus interest and any applicable subsequent taxes.*

TAX (LIEN CERTIFICATE) SALE 2020, FREQUENTLY ASKED QUESTIONS UPDATED APRIL 20, 2020, https://www.bidbaltimore.com/main?unique_id=83F7859A0A2D11EA907626CBE186D8C1&use_this=view_faqs# 32 (emphasis added). In addition, this approach is further supported by section 14-828(c) of the Maryland Code, which states:
> On receipt of the proper amount, the collector shall notify the holder of the certificate of sale that the property has been redeemed and that on surrender of the certificate of sale all redemption money excluding taxes received by the collector will be paid to the holder. For the purposes of this section, the collector is authorized to conclusively presume that the original purchaser at the tax sale is the holder of the certificate of sale, unless the collector receives a written notice of an assignment of the certificate of sale that gives the collector the name and address of the assignee. Upon request, the collector shall execute and deliver to the person redeeming the property a certificate of redemption which may be recorded among the land records of the county in which the land is located, and when recorded shall have the same effect as a release of a mortgage.

MD. CODE ANN., TAX-PROP. § 14-828(c). The Court notes that, considering the overall structure of the statute, the exclusion in section 14-828(c) for "taxes received by the collector" would appear to apply in those instances where only the property owner, and not the certificate holder, has paid post-sale taxes. *See also Heartwood 88, Inc. v. Montgomery Cty.*, 846 A.2d 1096, 1104 (Md. 2004) ("The sums referred to in T.P. § 14–828 are paid by the tax collector to the tax sale purchaser in exchange for the 'surrender of the certificate of sale.'").

[7] That section reads, in relevant part:
> (vi) The collector shall refund the high-bid premium, without interest, to:
> 1. the holder of the tax sale certificate on redemption of the property for which the high-bid premium was paid; or
> 2. the plaintiff in an action to foreclose the right of redemption on delivery of a tax sale deed for the property for which the high-bid premium was paid.

MD. CODE ANN., TAX-PROP. § 14-817(b)(2).

8

however, the Court addresses a few residual matters under state law. First, the Court finds nothing under state law that requires the Debtor to redeem the property by a date certain. Rather, the statute speaks in terms of the Debtor having a right to "redeem the property at any time until the right of redemption has been finally foreclosed under the provisions of this subtitle." MD. CODE ANN., TAX-PROP. § 14-827.[8] That foreclosure process is not complete and is stayed by the filing of this chapter 13 case. 11 U.S.C. § 362(a).[9]

Second, the Maryland statute does not require the Debtor to pay any taxes to the Creditor. To the extent that the collector's rules or regulations require such a payment structure, the parties did not provide or cite to the relevant statute or city ordinance. Moreover, the Court's own review of the Baltimore City ordinance on tax sales revealed only detailed information concerning interest rates, tax deed copies, and resales. BALTIMORE, MD., CODE subtitle 8, § 8–1 et seq. (2020). The Court has nothing before it to suggest that the Debtor must pay the Creditor directly for anything other than the fees and costs described in section 14-843(a)(4) of the Maryland Code.

Third, with respect to the Creditor's fees and costs under section 14-843(a)(4), the parties dispute whether the Creditor is entitled to statutory attorneys' fees in the amount of $1,500. The statute deems this amount as "reasonable for both the preparation and filing of the action to foreclose the right of redemption." This language differs from other parts of the same statute that speak in terms of "expenses actually incurred" and "reasonable attorney's fees, not to exceed" a specified sum. Subsection (a)(4) contains none of those qualifiers and requires only the commencement of the foreclosure proceeding and the filing of an affidavit of compliance. MD.

---

[8] The Maryland Code also provides that "[t]he right to redeem shall continue until finally barred by decree of the circuit court in which the foreclosure proceeding is filed." MD. CODE ANN., TAX-PROP. § 14-833(b).

[9] Also, although not directly relevant because repayment of the claim will be governed by chapter 13 of the Code, section 14-843(d) does contemplate installment payment plans for the redemption of propertied sold at tax sales in Baltimore City. MD. CODE ANN., TAX-PROP. § 14-843(d).

CODE ANN., TAX-PROP. § 14-843(a)(4). The Court appreciates the Debtor's concerns regarding the application of this kind of statutory provision to in-house counsel, particularly when counsel has an ownership interest in the tax sale purchaser. The Creditor did, however, document the legal work performed by in-house counsel and the Court finds nothing in the statutory language that prohibits or excludes attorney's fees in this kind of situation. To the extent the statutory attorney's fees at issue here are not intended to cover in-house counsel's services, an amendment to section 14-843 of the Maryland Code, rather than a judicial opinion, is the more appropriate course of action.

Finally, the Debtor suggested that the Creditor's decision to pay post-tax sale taxes was one not required by statute and not subject to any lien held by the Creditor. The Court observes that section 14-843(c) of the Maryland Code does permit the tax sale certificate holder to pay post-sale taxes, interest, and penalties, which presumably are then reimbursed by the collector.[10] Thus, the Debtor remains obligated to pay the taxes to the collector under section 14-828(a) and the collector, in turn, reimburses the Creditor under, among others, sections 14-828(c) and 14-843 of the Maryland Code.

### B. Treatment of Claims Under Chapter 13 Plan

Based on the foregoing, the Debtor must address two separate prepetition claims under her chapter 13 plan: one for the Creditor's reimbursable fees and costs under section 14-843(a)(4) and one for the collector's claims under section 14-828(a)(1), (2), and (3). Any additional amounts that may be due to the Creditor in connection with the tax sale process are matters between the collector and the Creditor. Moreover, given that the Debtor acknowledges the secured nature of both claims,

---

[10] Again, section 14-828 requires the Debtor to pay the collector "any taxes, interest, and penalties paid by any holder of the certificate of sale." MD. CODE ANN., TAX-PROP. § 14-828(a)(2).

the only remaining issue is the appropriate treatment and appropriate interest rate for those secured claims under the Debtor's plan.

In general, a chapter 13 plan may propose to make periodic payments on account of secured claims, provided that the creditor retains its lien until the allowed claim is paid in full and "the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim." 11 U.S.C. § 1325(a)5)(B). An important issue in the treatment of secured claims under section 1325(a)(5)(B) is the interest rate used to determine the value of the claim as of the effective date of the plan. This interest rate compensates the creditor for the delayed payment of the full amount of its allowed claim.

The U.S. Supreme Court has instructed courts to invoke a formula approach to calculating the appropriate interest rate in the context of chapter 13 plans. As the Supreme Court explained, "the formula approach entails a straightforward, familiar, and objective inquiry, and minimizes the need for potentially costly additional evidentiary proceedings. Moreover, the resulting 'prime-plus' rate of interest depends only on the state of financial markets, the circumstances of the bankruptcy estate, and the characteristics of the loan, not on the creditor's circumstances or its prior interactions with the debtor." *Till v. SCS Credit Corp.*, 541 U.S. 465, 479 (2004). The matter before the Court, however, may be outside of the Supreme Court's guidance in *Till*. Rather than applying the prime-plus rate to the claims of the collector and the Creditor under the Debtor's plan, the Court may be required to defer to the interest rate set by state and local law. Section 511 of the Code provides:

> If any provision of this title requires the payment of interest on a tax claim or on an administrative expense tax, or the payment of interest to enable a creditor to receive the present value of the allowed amount of a tax claim, the rate of interest shall be the rate determined under applicable nonbankruptcy law.

11

11 U.S.C. § 511(a).[11]

Most courts addressing the claims of tax sale certificate holders under section 511 of the Code have determined that such claims are "tax claims" as that term is used in section 511. *See, e.g., In re Blackpool Inv'rs Grp., Ltd*, 509 B.R. 470 (Bankr. D.N.J. 2014) (collecting and reviewing case law addressing issue).[12] The critical inquiry under this case law and section 511 is the language of the applicable state or local law addressing the claims and relevant interest rate. For example, in *Blackpool*, the court found that the survival of the original tax claim, the lien rights granted to the tax sale certificate holder, and the consequences of any sale being set aside all supported the conclusion that the claim of the tax sale certificate holder was a tax claim under section 511 of the Code. *Id*. at 490. The Court has similar statutory language before it and reaches a similar conclusion.

The Maryland tax sale process is a combination of state and local regulations. As one court explained,

> The State's Tax Sale statute authorizes the State's political subdivisions to sell real property located in their own jurisdictions, for which property taxes are in arrears. While the General Assembly has carefully crafted legislation that governs much of the process and procedure with respect to such tax sales, *see* T.P. §§ 14–808 to 14–863, the local subdivisions are entitled to set the redemption rate of interest that an owner must pay after a tax sale in order to recover the property sold at the sale. That rate, often referred to as the redemption rate, is considered "a matter of local concern."

*Heartwood 88, Inc. v. Montgomery Cty*., 846 A.2d 1096, 1103 (Md. 2004). Although titled a "redemption rate," the interest rate set forth in the Maryland statute and the Baltimore City

---

[11] Moreover, section 511(b) reads, "In the case of taxes paid under a confirmed plan under this title, the rate of interest shall be determined as of the calendar month in which the plan is confirmed." 11 U.S.C. § 511(b).

[12] *See also, e.g., In re Duffy*, 452 B.R. 13 (Bankr. N.D.N.Y. 2011) (discussing the effect of differing state laws relating to tax sales on the determination of whether a claim is a "tax claim" for purposes of section 511 of the Code); *In re Cortner*, 400 B.R. 608 (Bankr. S.D. Ohio 2009) (finding that the holder of a tax certificate was a holder of a "tax claim" under Ohio law); *In re Davis*, 352 B.R. 651 (Bankr. N.D. Tex. 2006) (same under Texas law); *In re Princeton Office Park, L.P.*, 423 B.R. 795 (Bankr. D.N.J. 2010) (holding that the tax sale certificate purchaser was not the holder of a "tax claim").

ordinance is calculated as a rate on the nonpayment of real property taxes and all that such default entails (e.g., the tax sale, the foreclosure of right of redemption, etc.).[13] Indeed, it compensates the taxing entity for the loss in revenue caused by the delayed- or non-payment of taxes; that benefit and purpose continue even if a tax sale certificate holder pays the outstanding taxes and is the ultimate recipient of the redemption rate.[14]

The redemption rate is described in section 14-828(b) of the Maryland Code. That section provides that "[t]he rate of interest on redemption under subsection (a) of this section shall be set under § 14-820 of this subtitle computed from the date of the tax sale to the date of the redemption payment." Md. Code Ann., Tax-Prop. § 14-828. Subsection (a) is the provision detailing the property owner's obligations to make payments to the collector for the total lien amount and post-sale taxes, as well as to reimburse the tax sale certificate holder's expenses in accordance with local law. Section 14-820 of the Maryland Code[15] allows Baltimore City to set its own redemption rate, which the City has done as follows:

---

[13] The term "interest rate" is commonly defined as "[t]he percentage that a borrower of money must pay to the lender in return for the use of the money, usu. expressed as a percentage of the principal payable for a one-year period." *Interest rate*, BLACK'S LAW DICTIONARY (11th ed. 2019). In the context of the tax sale process, the delayed- or non-payment of taxes by the property owner represents an extension of credit for those amounts, justifying some charge for the use of that credit pending repayment in full.

[14] As one court explained, "The Court of Appeals has recognized the policy reasons that undergird the rather high redemption rates that local governments typically establish in connection with properties sold at tax sales.6 In *Fish Market,* 337 Md. at 5, 650 A.2d 705, it said: 'Local subdivisions often set the [redemption] rate higher than rates given on ordinary investments. For example, Baltimore City has set the redemption interest rate at 24% per year.... This high rate of return encourages potential tax sale purchasers to invest in the property despite the fact that the property is subject to a right of redemption.'" *Heartwood 88, Inc. v. Montgomery Cty.*, 846 A.2d 1096, 1106 (Md. 2004) (citations omitted). In addition, this approach is consistent with the section of the Maryland Code that describes the contents of any pre-notice to an action to foreclose the property owner's right of redemption, as that notice must include "a statement that, in Baltimore City only, the holder of the certificate of sale is entitled to taxes, interest, and penalties paid in accordance with § 14-843(c) of this subtitle and interest at the rate of redemption under § 14-820 of this subtitle from the date of payment to the date of redemption." MD. CODE ANN., TAX-PROP. § 14-833.

[15] Section 14-820(b) provides in pertinent part:
   The rate of redemption is 6% a year except:
   (1) in Allegany County the rate is 6% a year or as fixed by the County Commissioners;
   (2) in Anne Arundel County the rate is 6% a year or as fixed by a law of the County Council;
   (3) in Baltimore City the rate is 6% a year or as fixed by a law of the City Council;
   (4) in Baltimore County the rate is 6% a year or as fixed by a law of the County Council ….

13

> **§ 8-1. Interest rate on redemptions from tax sales.** Pursuant to the authorization contained in State Tax-Property Article §14-820(b)(3), the interest rate applicable to redemptions of property from tax sales in Baltimore City is: (1) 12% a year for any residential real property that, as of January 1 immediately preceding the tax sale, was designated by the State Department of Assessments and Taxation as the owner's principal residence in accordance with the criteria governing the State Homestead Tax Credit; and (2) 18% a year for all other property.

BALTIMORE, MD., CODE subtitle 8, § 8–1 (2020) (City Code, 1976/83, art. 28, §16.) (Ord. 73-379; Ord. 81-288; Ord. 83-938; Ord. 84-217; Ord. 99-516; Ord. 16-485).

The direct correlation between the tax amounts that a property owner must pay to the collector to redeem her property and the stated redemption rate suggest that the interest rate is being set on tax claims. The language of section 14-828(a) and (b) demonstrate that the tax claims do not vanish upon a tax sale but remain intact and collectible in one form or another. The costs incurred by the tax sale certificate holder are directly related to those tax claims and the tax collection process. This conclusion is supported by the section of the Maryland Code addressing the consequences of an invalid sale. Section 14-848 of the Maryland Code provides:

> If the judgment of the court declares the sale void and sets it aside, the collector shall repay the holder of the certificate of sale the amount paid to the collector on account of the purchase price of the property sold, with interest at the rate provided in the certificate of tax sale, together with all taxes that accrue after the date of sale, which were paid by the holder of the certificate of sale or the predecessor of the holder of the certificate of sale, and all expenses properly incurred in accordance with this subtitle. If the collector paid the claims of any other taxing agency, the collector is entitled to a refund of the claim from the taxing agency with interest. The collector shall proceed to a new sale of the property under this subtitle and shall include in the new sale all taxes that were included in the void sale, and all unpaid taxes that accrued after the date of sale declared void.

MD. CODE ANN., TAX-PROP. § 14-848.[16] Moreover, section 511 of the Code does not require the interest rate be on a claim payable to a governmental unit; thus both the claims held by the collector

---

MD. CODE ANN., TAX-PROP. § 14-820(b).
[16] The New Jersey statute at issue in *Blackpool* contained a similar provision, "If the sale shall be set aside, the municipality shall refund to the purchaser the price paid by him on the sale, with lawful interest, upon his assigning

14

and the Creditor under section 14-828 of the Maryland Code are tax claims and entitled to the interest rate set by Baltimore City ordinance.

In light of the foregoing, the Debtor must use the applicable state and local law interest rate in determining the value of the secured claims of the collector and the Creditor as of the effective date of the plan. The Court observes that the Debtor's proposed chapter 13 plan set this interest rate at 12 percent on both claims. The Debtor asserts that such rate is appropriate under local law because the property is owner-occupied property. The Creditor points out, however, that its tax sale certificate identifies the property as not owner occupied and sets the interest rate at 18 percent. The Court understands that the Debtor is currently residing at the subject property, so it appears that the tax sale certificate may contain an incorrect interest rate. Although that issue is not before the Court today, the Court would entertain a motion by either party to align the applicable interest rate with the Baltimore City ordinance and the realities of the Debtor's ownership and occupancy of the subject property (as established through appropriate evidence), with proper notice and due process to all potentially affected parties.

## IV.   Conclusion

The Court appreciates the Debtor's efforts to structure a plan that cures arrearages on her real property taxes and to redeem that real property in accordance with Maryland state law outside of the plan. The Court is not aware of any legal authority that precludes such a bifurcated approach, provided that the Debtor's chapter 13 plan complies with sections 1322 and 1325 of the Code. To that end, the Court finds merit in the Creditor's position regarding the application of section 511 of the Code to this matter and the applicable interest rate under section 1325 of the Code.

---

to the municipality the certificate of sale and all his interest in the tax, assessment or other charges and in the municipal lien therefor [....]" *In re Blackpool Investors Group, Ltd*, 509 B.R. 470, 490 (Bankr. D. N.J. 2014) (quoting N.J.S.A. § 54:5–43).

15

Accordingly, the Court will sustain the Creditor's objection to plan confirmation, in part, and deny it in part. The Court will enter a separate order consistent with this Memorandum Opinion.

cc:
Debtor
Debtor's Counsel
Creditor's Counsel
Chapter 13 Trustee

**END OF MEMORANDUM OPINION**